```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

MANUEL LIZONDRO-GARCIA, LUIS CRUZ, :
JORGE GARCIA, JERALDO GONZALEZ,
ALEKSANDER VELIC, JAVIER TOLEDO,   :   12 Civ. 1906 (HBP)
OSCAR RAMIREZ, MOISES JIMENEZ,
MARCO REAL, on behalf of           :   OPINION
themselves and others similarly        AND ORDER
situated,                          :

                    Plaintiffs,    :

    -against-                      :

KEFI LLC, doing business as KEFI   :
RESTAURANT and KOSTANTINOS
DAMANIOS,                          :

                    Defendants.    :

----------------------------------X
```

PITMAN, United States Magistrate Judge:


I.  Introduction


        Manuel Lizondro-Garcia, Luis Cruz, Jorge Garcia,

Jeraldo Gonzalez, Aleksander Velic, Javier Toledo, Oscar Ramirez,

Moises Jimenez and Marco Real ("plaintiffs"), on behalf of

themselves and other similarly situated, commenced this action

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201 et seq. and the New York Labor Law ("NYLL") §§ 191 et seq. to

recover unpaid overtime and spread-of-hours compensation, reim-

bursement for improperly withheld tips and statutory damages.

On October 2, 2013, the parties informed the Court that they had reached a tentative settlement of the FLSA collective action and the NYLL class action, which they memorialized in the Settlement Agreement & Release ("Settlement Agreement").

Plaintiffs now move for preliminary approval of the settlement and other related relief.  Specifically, the seek an Order (1) conditionally certifying a NYLL class pursuant to Rule 23(a) and (b)(3), (2) appointing Joseph & Kirschenbaum LLP as class counsel, (3) preliminarily approving the Settlement Agreement (4) approving plaintiffs' proposed Notice of Class Action Settlement (the "Proposed Notice") and (5) adopting the parties' proposed schedule for final approval of the Settlement Agreement (Notice of Motion, dated Nov. 5, 2013, (Docket Item 54)).  The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c) (Docket Item 51).

For the reasons set forth below, plaintiffs' motion is granted.

## II. <u>Facts</u>

### A. Relevant Factual and <u>Procedural Background</u>

Plaintiffs commenced this action on March 15, 2012. Their complaint alleges that plaintiffs, and members of the FLSA

collective and putative NYLL class,[1] are or were employed by
defendants as servers, bartenders, baristas, barbacks, bussers or
runners.  Plaintiffs allege that defendants failed to pay them
overtime for hours they worked in excess of 40 hours and spread-
of-hours pay for days they worked in excess of 10 hours.  Plain-
tiffs also allege that defendants improperly forced plaintiffs to
share their tips with a "manager/party planner" (Declaration of
Josef Nussbaum, Esq., dated Nov. 5, 2013, (Docket Item 56)
("Nussbaum Decl.") at ¶ 6; Compl. ¶¶ 43-45).

 In May 2012, the parties agreed to exchange only
limited discovery in order to facilitate the prompt settlement of
this matter.  Defendants produced tip sheets, payroll records and
clock-in reports for several of defendants' employees covering a
sixteen-week period (Nussbaum Decl. at ¶¶ 7-8).  After scrutiniz-
ing defendants' records, plaintiffs contend that they could
estimate the total damages owed to the FLSA collective and the
putative NYLL class (Nussbaum Decl. at ¶ 8).

---

[1]The Complaint alleges that the FLSA collective includes
non-exempt employees who worked for defendants from March 15,
2009 to March 15, 2012 in "tipped position[s]" (Complaint, dated
Mar. 15, 2012, (Docket Item 1) ("Compl.") ¶ 22) and that the NYLL
class action includes non-exempt employees who worked for
defendants from December 1, 2008 to June 30, 2013 in tipped
positions (Compl. ¶ 25; Plaintiffs' Memorandum of Law in Support
of Preliminary Approval of Class Action Settlement, dated Nov. 5,
2013, (Docket Item 55) ("Pls.' Mem.") at 8).

On May 30, 2013, I conducted a settlement conference that was attended by counsel and by the parties.  The parties were unable to resolve the case at that time.

After further fact discovery, counsel for plaintiffs lowered their estimate of plaintiffs' aggregate actual damages to roughly $280,000[2] (Nussbaum Decl. at ¶ 11).  Thereafter, the parties agreed on the terms of a settlement, which were memorialized in the Settlement Agreement accompanying the present motion (Nussbaum Decl. at ¶ 11 and Ex. 1 annexed thereto).

B.   The Settlement Agreement

The Settlement Agreement provides that defendants, without conceding the validity of plaintiffs' claims and without admitting liability, agree to create a common fund of $315,000 to be paid in two equal installments of $157,500 (Ex. 1 to Nussbaum Decl. at ¶¶ 1.28, 3.1(B)).  From the fund, the nine named plaintiffs will each receive $1,000 service awards, a claims administrator will receive an estimated $15,239.11 to set up and distribute monies from the fund and counsel for plaintiffs will receive attorney's fees and costs, subject to the Court's ap-

---

[2]Counsel for plaintiffs does not allocate the $280,000 between the FLSA and the NYLL.

4

proval, and not to exceed $105,000 (Ex. 1 to Nussbaum Decl. at ¶¶ 1.27, 3.2-3.3).

The Settlement Agreement states that the remainder will be divided up and awarded as follows:  25% to individuals who opt in to the FLSA collective action and 75% to individuals who remain in the NYLL class action (Nussbaum Decl. at ¶¶ 12-13). Each member of the FLSA collective will be paid a percentage of the 25%, calculated by dividing the number of hours he or she worked for defendants during the relevant period by the total number of hours that all members of the collective worked for defendants (Ex. 1 to Nussbaum Decl. at ¶ 3.4(B)(4)).  Each member of the putative NYLL class will be awarded a percentage of the 75% according to the same formula (Ex. 1 to Nussbaum Decl. at ¶ 3.4(B)(3), (5)-(6)).  No class member will receive an award of less than $100 (Ex. 1 to Nussbaum Decl. at ¶ 3.4(B)(2)).  Any remaining monies will revert to defendants (Ex. 1 to Nussbaum Decl. at ¶¶ 3.1(I), 3.4(B)(8)).  In return, each individual who opts into the collective action and the class will release defendants from all wage and hour claims brought or that could have been brought in this action (Ex. 1 to Nussbaum Decl. at ¶ 2.9(B)).

III.  <u>Analysis</u>

    A.  Conditional Certification
        <u>of the NYLL Rule 23 Class</u>

       Plaintiffs first request that the Court conditionally certify, for the purpose of settlement only, a class pursuant to Rule 23(b)(3) consisting of all individuals who work or worked for defendants as "[s]ervers, [b]artenders, [b]aristas, [b]arbacks, . . . [b]ussers" and "runners . . . from December 1, 2008 to June 30, 2013" (Pls.' Mem. at 8; Ex. 1 to Nussbaum Decl. at ¶ 1.6).

       "Before certification is proper for any purpose -- settlement, litigation, or otherwise -- a court must ensure that the requirements of Rule 23(a) and (b) have been met."  <u>Denney v. Deutsche Bank AG</u>, 443 F.3d 253, 270 (2d Cir. 2006); <u>accord</u> <u>Cohen v. J.P. Morgan Chase & Co.</u>, 262 F.R.D. 153, 157–58 (E.D.N.Y. 2009); <u>Bourlas v. Davis Law Assocs.</u>, 237 F.R.D. 345, 349 (E.D.N.Y. 2006).

       Class certification is appropriate under Rule 23(a) if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims . . . of the representative parties are typical of the claims . . . of the class; and (4) the representa-

tive parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).

If each of these four threshold requirements are met, class certification is appropriate if the action also satisfies one of the three alternative criteria set forth in Rule 23(b). In this case, plaintiffs argue that class certification is proper under Rule 23(b)(3), which provides that a class action may be maintained where:

> the questions of law or fact common to class members predominate over any questions affecting only individual members, and [where] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

The party seeking class certification bears the burden of establishing each of these elements by a "preponderance of the evidence." Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 202 (2d Cir. 2008); Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997); see Fedotov v. Peter T. Roach & Assocs., P.C., 354 F. Supp. 2d 471, 478 (S.D.N.Y. 2005) (Haight, D.J.).  Although the Court of Appeals has "directed district courts to apply Rule 23 according to a liberal rather than a restrictive interpretation," In re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 504 (S.D.N.Y. 1996) (Sweet, D.J.), citing Korn v. Franchard Corp., 456 F.2d 1206, 1208-09 (2d Cir. 1972), class certification should not be granted

unless, after a "'rigorous analysis,'" the court is satisfied
that Rule 23's requirements have been met.  Spagnola v. Chubb
Corp., 264 F.R.D. 76, 92 (S.D.N.Y. 2010), quoting In re Initial
Pub. Offering Secs. Litig., 471 F.3d 24, 33 (2d Cir. 2006).
Doubts concerning the propriety of class certification should be
resolved in favor of class certification.  See Levitt v. J.P.
Morgan Secs., Inc., 710 F.3d 454, 464 (2d Cir. 2013) (on appel-
late review, less deference is given to decisions denying class
certification than to decisions granting certification).

    1.  Rule 23(a)'s Requirements

      a.  Numerosity

      Rule 23(a) requires that the members of the proposed
class be "so numerous that joinder of all members is impractica-
ble."  Although precise calculation of the number of class
members is not required, "numerosity is generally presumed when
the prospective class consists of 40 members or more."  Alcantara
v. CNA Mgmt., Inc., 264 F.R.D. 61, 64 (S.D.N.Y. 2009) (Jones,
D.J.); Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483
(2d Cir. 1995).  Counsel for plaintiffs has already identified
240 members of the NYLL class (Nussbaum Decl. at ¶ 14).  Thus,
the numerosity requirement is clearly met.

b.   Commonality

Rule 23(a) also requires the existence of questions of law or fact common to the class.  The Supreme Court has recently emphasized that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" Wal-Mart Stores, Inc. v. Dukes, --- U.S. ---, ---, 131 S. Ct. 2541, 2551 (2011), quoting Gen. Tel. Co. v. Falcon, 457 U.S. 147, 157 (1982).  "Since '[a]ny competently crafted class complaint literally raises common "questions,"'" the court must assess whether the common questions are capable of "generat[ing] common answers apt to drive the resolution of the litigation."  Wal-Mart Stores, Inc. v. Dukes, supra, 131 S. Ct. at 2551, quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 131-32 (2009).  "[P]laintiffs may meet the commonality requirement where the individual circumstances of class members differ, but 'their injuries derive from a unitary course of conduct by a single system.'"  Fox v. Cheminova, Inc., 213 F.R.D. 113, 126 (E.D.N.Y. 2003), quoting Marisol A. v. Giuliani, 126 F.3d 372, 377 (2d Cir. 1997) (per curiam).  "Even a single common legal or factual question will suffice."  Jackson v. Bloomberg, L.P., --- F.R.D. ---, ---, 13 Civ. 2001 (JPO), 2014 WL 1088001 at *8 (S.D.N.Y. Mar. 19, 2014) (Oetken, D.J.), quoting

Freeland v. AT&T Corp., 238 F.R.D. 130, 140 (S.D.N.Y. 2006)
(Cote, D.J.).

Plaintiffs identify two questions common to the puta-
tive NYLL class:  (1) whether defendants failed to pay overtime
and (2) whether defendants retained tips from their service
employees (Pls.' Mem. at 9).  Because the claims of the named
plaintiffs and those of the putative NYLL class derive from the
same overtime and tipping and practices of defendants, each of
these questions will generate answers that will help resolve the
claims in the class action.  See, e.g., Shahriar v. Smith &
Wollensky Rest. Grp., Inc., 659 F.3d 234, 252 (2d Cir. 2011);
accord Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 124
(S.D.N.Y. 2014) (Torres, D.J.); Espinoza v. 953 Assocs. LLC, 280
F.R.D. 113, 127 (S.D.N.Y. 2011) (Scheindlin, D.J.); Prasker v.
Asia Five Eight LLC, 08 Civ. 5811 (MGC), 2010 WL 476009 at *2
(S.D.N.Y. Jan. 6, 2010) (Cedarbaum, D.J.).  Accordingly, I
conclude that the commonality requirement is met.

c.  Typicality

Rule 23(a)'s third requirement, typicality, ensures
that "maintenance of a class action is economical and [that] the
named plaintiff's claim and the class claims are so interrelated
that the interests of the class members will be fairly and

10

adequately protected in their absence."  Marisol A. v. Giuliani,
supra, 126 F.3d at 376, quoting Gen. Tel. Co. v. Falcon, supra,
457 U.S. at 157 n.13.  The typicality requirement is satisfied
where "each class member's claim arises from the same course of
events and each class member makes similar legal arguments to
prove the defendant's liability."  In re Flag Telecom Holdings,
Ltd. Secs. Litig., 574 F.3d 29, 35 (2d Cir. 2009) (internal
quotation marks and citation omitted); Bolanos v. Norwegian
Cruise Lines Ltd., 212 F.R.D. 144, 155 (S.D.N.Y. 2002) (Berman,
D.J.) (adopting Report & Recommendation).

     Plaintiffs satisfy the typicality requirement of Rule
23(a) because they were employed by defendants in the same
positions and subjected to the same overtime, spread-of-hours and
tipping practices as members of the proposed NYLL class.  Accord-
ingly, the typicality requirement is met here as well.

     d.  Adequacy

     Pursuant to Rule 23(a)'s final requirement, "the named
plaintiffs must 'possess the same interest[s] and suffer the same
injur[ies] as the class members.'"  In re Literary Works in Elec.
Databases Copyright Litig., 654 F.3d 242, 249 (2d Cir. 2011),
quoting Amchem Prods., Inc. v. Windsor, supra, 521 U.S. at 625-
26.  "Adequate representation is a twofold requirement:  class

11

counsel must be qualified and able to conduct the proposed litigation, and the class representatives must not have interests antagonistic to those of the other class members." <u>Fox v. Cheminova, Inc.</u>, <u>supra</u>, 213 F.R.D. at 127, <u>citing</u> <u>In re Drexel Burnham Lambert Grp., Inc.</u>, 960 F.2d 285, 291 (2d Cir. 1992); <u>Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.</u>, 502 F.3d 91, 99 (2d Cir. 2007); <u>Denney v. Deutsche Bank AG</u>, <u>supra</u>, 443 F.3d at 268.

Plaintiffs also satisfy the adequacy requirement. Counsel for plaintiffs has cited two relatively recent opinions that acknowledge plaintiffs' counsel's record of competence and experience in wage and hour class actions (Pls.' Mem. at 13, <u>citing</u>, <u>e</u>.g., <u>Sand v. Greenberg</u>, 08 Civ. 7840 (PAC), 2011 WL 1338196 at *2 (S.D.N.Y. Mar. 22, 2011) (Crotty, D.J.), <u>and</u> <u>Spicer v. Pier Sixty LLC</u>, 269 F.R.D. 321, 337-38 (S.D.N.Y. 2010) (Sand, D.J.); <u>see</u> <u>also</u> Nussbaum Decl. at ¶ 19). Moreover, at a settlement conference that I conducted, plaintiffs' counsel demonstrated extensive knowledge of the law and was a vigorous advocate for its clients. In light of their record in other cases and their able representation at the settlement conference in this case, I conclude that plaintiffs' counsel has and will adequately represent the interests of the class.

In addition, counsel for plaintiffs represents that the named plaintiffs have no conflicts with any of the class members and have actively participated in discovery and settlement negotiations (Nussbaum Decl. at ¶ 15).

Accordingly, I conclude that plaintiffs satisfy the adequacy requirement of Rule 23(a)(4).

    e.  The Implied Requirement
       of Ascertainability

Ascertainability is not expressly required under the terms of Rule 23, but is an implied element of class certification.  As explained by the late Honorable Harold Baer, United States District Judge in Fears v. Wilhelmina Model Agency, Inc., 02 Civ. 4911 (HB), 2003 WL 21659373 at *2 (S.D.N.Y. July 15, 2003):

> "[W]hile Rule 23(a) does not expressly require that a class be definite in order to be certified, a requirement that there be an identifiable [aggrieved] class has been implied by the courts." In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig., 209 F.R.D. 323, 336 (S.D.N.Y. 2002) (internal quotes and citations omitted); Dunnigan v. Metropolitan Life Ins. Co., 214 F.R.D. 125, 135 (S.D.N.Y. 2003).  "An identifiable class exists if its members can be ascertained by reference to objective criteria." MTBE Prods., 209 F.R.D. at 336.  Membership should not be based on subjective determinations, such as the subjective state of mind of a prospective class member, but rather on objective criteria that are administratively feasible for the Court to rely on to determine whether a particular individual is a member of the class.  Id.  Fur-

ther, the Court "must be able to make this determination without having to answer numerous fact-intensive inquiries." Id. at 336 n.20 (quoting Daniels v. City of New York, 198 F.R.D. 409, 414 (S.D.N.Y. 2001).

See also Manual for Complex Litigation § 21.222 at 270 (4th ed. 2004) ("Although the identity of individual class members need not be ascertained before class certification, the membership of the class must be ascertainable.").  In this case, defendants' payroll records will likely contain the names, titles, pay rates and dates of employment of the NYLL class members.  Because plaintiffs can easily identify the NYLL class by reviewing defendants' payroll records, I conclude that the implied ascertainability requirement of Rule 23 is met.

### 2.   Rule 23(b)(3)'s Requirements

As explained above, Rule 23(b)(3) requires that a plaintiff seeking to represent a class establish "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed.R.Civ.P. 23(b)(3).

14

a.   <u>Predominance</u>

The Court of Appeals for the Second Circuit explained the predominance requirement of Rule 23(b)(3) in <u>Moore v. PaineWebber, Inc.</u>, 306 F.3d 1247, 1252 (2d Cir. 2002):

> "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L. Ed. 2d 689 (1997).  It is a more demanding criterion than the commonality inquiry under Rule 23(a).  <u>Id</u>. at 623-24, 117 S. Ct. 2231.  Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof. [<u>In re Visa Check/MasterMoney Antitrust Litig.</u>, 280 F.3d 124, 136 (2d Cir. 2001)].

<u>See also</u> <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 549 (2d Cir. 2010) ("Economies of time, effort, and expense in fully resolving each plaintiff's claim will only be served, and the predominance requirement satisfied, . . . if the plaintiffs can show that some . . . questions can be answered with respect to the members of the class as a whole through generalized proof and that those common issues are more substantial than individual ones." (internal quotations marks, brackets and citations omitted)); <u>Flores v. Anjost Corp.</u>, 284 F.R.D. 112, 130 (S.D.N.Y. 2012) (McMahon, D.J.).

15

Counsel for plaintiffs suggests that the predominance requirement is satisfied because the class is unified by common factual allegations:  (1) they were not paid at the overtime rate when they worked more than 40 hours in a given workweek and (2) they were required to share their tips with ineligible employees (Pls.' Mem. at 11).  I agree.  The central issues in this litigation are whether defendants had policies that denied their employees overtime, spread-of-hours pay and tips.  Because defendants' practices applied to members of the putative NYLL class uniformly, questions regarding the legality of those policies "are about the most perfect questions for class treatment." Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 373 (S.D.N.Y. 2007) (McMahon, D.J.); accord Shahriar v. Smith & Wollensky Rest. Grp., Inc., supra, 659 F.3d at 253; Brown v. Kelly, 609 F.3d 467, 484 (2d Cir. 2010) ("[W]here plaintiffs were allegedly aggrieved by a single policy of the defendants, and there is strong commonality of the violation and the harm, this is precisely the type of situation for which the class action device is suited." (internal quotation marks & citations omitted)); Whitehorn v. Wolfgang's Steakhouse, Inc., 275 F.R.D. 193, 200 (S.D.N.Y. 2011) (Sand, D.J.).  Thus, I conclude that predominance is met here.

16

b.  <u>Superiority</u>

Rule 23(b)(3) also requires plaintiffs to demonstrate that class-wide adjudication is "superior to other available methods for fairly and efficiently adjudicating the controversy." In making this determination, the court must balance "the advantages of a class action against those of alternative available methods of adjudication."  <u>Anwar v. Fairfield Greenwich Ltd.</u>, 289 F.R.D. 105, 114 (S.D.N.Y. 2013) (Marrero, D.J.).  Rule 23(b)(3) sets forth four non-exhaustive factors relevant to the superiority inquiry:  "the class members' interests in individually controlling the prosecution . . . of separate actions;" "the extent and nature of any litigation concerning the controversy already begun by . . . class members;" "the desirability or undesirability of concentrating the litigation of the claims in the particular forum;" and "the likely difficulties in managing a class action."  Fed.R.Civ.P. 23(b)(3).

The superiority requirement is also met here.  First, litigation by way of a class action is more economically sensible due to plaintiffs' limited financial resources and the relatively modest size of any individual's recovery.  A class action is likely the only vehicle by which all plaintiffs can, as a practical matter, adjudicate their state law claims.  <u>Iglesias-Mendoza</u>

v. La Belle Farm, Inc., supra, 239 F.R.D. at 374; McBean v. City of New York, 228 F.R.D. 487, 503 (S.D.N.Y. 2005) (Lynch, D.J.). Second, plaintiffs are unaware of any pending litigation by individual class members concerning this controversy, and, third, concentrating this litigation in the Southern District of New York is appropriate because "the allegedly wrongful conduct occurred within its jurisdiction" (Pls.' Mem. at 12). Finally, class adjudication as opposed to multiple individual actions will conserve judicial resources.

Accordingly, for all the above reasons, I conditionally certify pursuant to Rule 23(a) and (b)(3) a NYLL class consisting of all individuals who work or worked for defendants as servers, bartenders, baristas, barbacks, bussers and runners from December 1, 2008 to June 30, 2013.

### B. Appointment of Class Counsel

Rule 23(c)(1)(B) provides that "[a]n order that certi-fies a class action must . . . appoint class counsel under Rule 23(g)." Counsel for the named plaintiffs request that I desig-nate their firm, Joseph & Kirschenbaum LLP, as counsel for the NYLL class.

Rule 23(g)(1)(A) sets forth four factors that must be considered in appointing class counsel:

> (i) the work counsel has done in identifying or inves-
> tigating potential claims in the action; (ii) counsel's
> experience in handling class actions, other complex
> litigation, and the types of claims asserted in the
> action; (iii) counsel's knowledge of the applicable
> law; and (iv) the resources counsel will commit to
> representing the class.

A court may also consider "any other matter pertinent to coun-
sel's ability to fairly and adequately represent the interests of
the class."  Fed.R.Civ.P. 23(g)(1)(B).

As discussed in Part III.A.d above, counsel for plain-
tiffs has experience litigating wage and hours cases and is
knowledgeable concerning the applicable law (Nussbaum Decl. at ¶¶
18-20).  Moreover, Joseph & Kirschenbaum LLP has represented the
named plaintiffs in this suit from its inception, and, therefore,
has expended substantial resources identifying and investigating
the potential claims in the action.  Finally, the prior work
Joseph & Kirschenbaum LLP has performed as lead or co-counsel in
litigating and settling other wage and hour actions, see, e.g.,
Sand v. Greenberg, supra, 2011 WL 1338196 at *2; Spicer v. Pier
Sixty LLC, supra, 269 F.R.D. at 337-38; Delaney v. Geisha NYC,
LLC, 261 F.R.D. 55 (S.D.N.Y. 2009) (Pauley, D.J.), demonstrates
the firm's commitment and financial ability to represent the NYLL
class.

Accordingly, Joseph & Kirschenbaum LLP is appointed as
counsel for the NYLL class.

C.   Preliminary Approval
     of the Settlement Agreement

Plaintiffs next seek the preliminary of approval of the Settlement Agreement, which would resolve the claims brought on behalf of the FLSA collective and the NYLL class.

Pursuant to Fed.R.Civ.P. 23(e), the settlement of a class action is not effective until judicially approved.  Although there is a general policy favoring settlements, the court may approve a class action settlement only if it is "fair, adequate, and reasonable, and not a product of collusion."  Joel A. v. Giuliani, 218 F.3d 132, 138 (2d Cir. 2000).  "A court determines a settlement's fairness by looking at both the settlement's terms and the negotiating process leading to settlement."  Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005), citing D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001).

In assessing procedural fairness, there is a "presumption of fairness, reasonableness, and adequacy as to the settlement where 'a class settlement [is] reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'"  McReynolds v. Richards-Cantave, 588 F.3d 790, 803 (2d Cir. 2009), quoting Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., supra, 396 F.3d at 116.

In assessing whether a settlement is substantively fair, reasonable, and adequate, courts in this Circuit use the nine-factor test set forth in City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974). McReynolds v. Richards-Cantave, supra, 588 F.3d at 804; accord Charron v. Wiener, 731 F.3d 241, 247 (2d Cir. 2013); Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (Carter, D.J.); In re Giant Interactive Grp., Inc. Secs. Litig., 279 F.R.D. 151, 160 (S.D.N.Y. 2011) (Engelmayer, D.J.). Those factors include:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

McReynolds v. Richards-Cantave, supra, 588 F.3d at 804.

Similarly, a settlement of an FLSA collective action is not effective unless it is judicially approved. Wolinksy v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (Furman, D.J.) ("[A]n employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of

Labor or made pursuant to a judicially supervised stipulated settlement."); Bouzzi v. F & J Pine Rest., LLC, 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012) ("The FLSA imposes strict limits on an employee's ability to waive claims for fear that employers will coerce employees into settlement and waiver." (internal quotation marks & brackets omitted)); accord Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.); Chavarria v. N.Y. Airport Serv., Inc., 875 F. Supp. 2d 164, 176 (E.D.N.Y. 2012); Willix v. Healthfirst, Inc., No. 07 Civ. 1143 (ENV)(RER), 2011 WL 754862 at *5 (E.D.N.Y. Feb. 18, 2011).  However, settlement of a collective action does not implicate the same Due Process con-cerns as the settlement of a class action because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date." Beckman v. KeyBank, N.A., supra, 293 F.R.D. at 476, quoting McKenna v. Champion Intern. Corp., 747 F.2d 1211, 1213 (8th Cir. 1984).  Accordingly, an FLSA settlement is examined with less scrutiny than a class action settlement; the court simply asks whether the proposed settlement reflects a fair and reasonable compromise of disputed issues that were reached as a result of contested litigation.  Wolinksy v. Scholastic Inc., supra, 900 F. Supp. 2d at 335.

Preliminary approval is the first step in the settlement of a class action[3] whereby the court "must preliminarily determine whether notice of the proposed settlement . . . should be given to class members in such a manner as the court directs, and an evidentiary hearing scheduled to determine the fairness and adequacy of settlement."  Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 11.25 (4th ed. 2002) (internal quotation omitted); accord Chambery v. Tuxedo Junction Inc., No. 12-cv-06539 (EAW), 2014 WL 1364933 at *2 (W.D.N.Y. Apr. 7, 2014); Hernandez v. Merrill Lynch & Co., Inc., 11 Civ. 8472 (KBF)(DCF), 2012 WL 5862749 at *1-*2 (S.D.N.Y. Nov. 15, 2012) (Freeman, M.J.); Davis v. J.P. Morgan Chase & Co., supra, 775 F. Supp. 2d at 607.

> Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties.  Clark v. Ecolab, Inc., Nos. 07 Civ. 8623 (PAC) et al. [sic], 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (citing Herbert B. Newberg & Alba Conte, Newberg on Class Actions ("Newberg") § 11.25 (4th ed. 2002)).  Nevertheless, courts often

---

[3]The principles concerning preliminary approval of class action settlements appear to apply with equal force to preliminary approval FLSA settlements.  See, e.g., Davis v. J.P. Morgan Chase & Co., 775 F. Supp. 2d 601, 607-08 (W.D.N.Y. 2011); Johnson v. Brennan, 10 Civ. 4712 (CM), 2011 WL 1872405 at *1 (S.D.N.Y. May 17, 2011) (McMahon, D.J.); Clark v. Ecolab, Inc., 07 Civ. 8623 (PAC), 04 Civ. 4488 (PAC), 06 Civ. 5672 (PAC), 2009 WL 6615729 at *3 (S.D.N.Y. Nov. 27, 2009) (Crotty, D.J.).

grant preliminary settlement approval without requiring
a hearing or a court appearance.  See Hernandez v.
Merrill Lynch & Co., Inc., No. 11 Civ. 8472 (KBF)(DCF),
2012 WL 5862749, at *1 (S.D.N.Y. Nov. 15, 2012) (grant-
ing preliminary approval based on plaintiffs' memoran-
dum of law, attorney declaration, and exhibits).  To
grant preliminary approval, the court need only find
that there is "'probable cause' to submit the [settle-
ment] to class members and hold a full-scale hearing as
to its fairness."  In re Traffic Exec. Ass'n, 627 F.2d
631, 634 (2d Cir. 1980); see Newberg § 11.25 ("If the
preliminary evaluation of the proposed settlement does
not disclose grounds to doubt its fairness . . . and
appears to fall within the range of possible approval,"
the court should permit notice of the settlement to be
sent to class members); see also Girault v. Supersol
661 Amsterdam, LLC, No. 11 Civ. 6835 (PAE), 2012 WL
2458172, at *1 (S.D.N.Y. June 28, 2012) (granting
preliminary approval where the "proposed Settlement
Agreement [was] within the range of possible settlement
approval, such that notice to the Class [was] appropri-
ate"); Danieli v. IBM, No. 08 Civ. 3688, 2009 WL
6583144, at *4-5 (S.D.N.Y. Nov. 16, 2009) (granting
preliminary approval where settlement "has no obvious
defects" and proposed allocation plan is "rationally
related to the relative strengths and weaknesses of the
respective claims asserted").  "If the proposed settle-
ment appears to fall within the range of possible
approval, the court should order that the class members
receive notice of the settlement."  Yuzary, 2013 WL
1832181, at *1 (internal quotation marks and citation
omitted).

Tiro v. Pub. House Invs., LLC, 11 Civ. 7679 (CM), 11 Civ. 8249

(CM), 2013 WL 2254551 at *1 (S.D.N.Y. May 22, 2013) (McMahon,

D.J.); see also Hernandez v. Merrill Lynch & Co., Inc., supra,

2012 WL 5862749 at *1-*2; Frank v. Eastman Kodak Co., 228 F.R.D.

174, 184 (W.D.N.Y. 2005).

Applying the foregoing principles, I conclude, based on plaintiffs' memorandum of law, the declaration of Josef Nussbaum, Esq. and the accompanying exhibits and the parties' informal presentations at the May 30, 2013 settlement conference, that there is probable cause to believe that the proposed Settlement Agreement is fair, reasonable and adequate.

Plaintiffs' counsel represents that plaintiffs, the FLSA opt-ins and the NYLL class are owed roughly $240,000 in unpaid wages and misappropriated tips.  An award of $315,000 appears fair, reasonable and adequate because even after attorney's fees, service awards, and administrative costs, plaintiffs would receive nearly all of their actual damages.  Additionally, the award compensates plaintiffs almost immediately and removes the uncertainty that litigation necessarily entails.  Defendants presented several non-frivolous arguments at the settlement conference that might have reduced plaintiffs' eventual damages award or resulted in a verdict for defendants.  Finally, the modest service awards to the named plaintiffs, administrative costs and attorney's fees sought here are routinely approved in district courts of this Circuit, see, e.g., Chavarria v. N.Y. Airport Serv., LLC, supra, 875 F. Supp. 2d at 177-79; Morris v. Health Affinity Plan, Inc., supra, 859 F. Supp. 2d at 624, and,

do not appear to have been the result of any collusion between counsel.

Finally, the Settlement Agreement has all the earmarks of an arms length transaction between opposing parties.  The Settlement Agreement was reached by experienced counsel after an investigation of the claims and defenses and contested negotiations.  At the settlement conference, counsel for both sides demonstrated a mastery of the evidence and the legal principles and zealously represented their clients.  In light of counsels' experience and conduct in this action, I have no reason to doubt that the terms of the Settlement Agreement are fair, reasonable, and adequate.

Accordingly, plaintiffs' motion for preliminary approval of the Settlement Agreement is granted and notice to the FLSA collective and the NYLL class is appropriate.

D.  Plaintiffs' Proposed Notice

Finally, plaintiffs seek approval of the Proposed Notice accompanying their motion.  Counsel for plaintiffs states that the designated claims administrator will mail the Proposed Notice to the "FLSA Class Members"[4] and the NYLL class at each

---

[4]Plaintiffs have not requested "conditional certification"
(continued...)

individual's last known mailing address (Pls.' Mem. at 20).
Additionally, if notices are returned as undeliverable, the
claims administrator will use additional information provided by
defendants to locate the addressees of such notices and will mail
another copy to those individuals (Pls.' Mem. at 21).

 "Where, as here, the parties seek simultaneously to
certify a settlement class and to settle a class action, the
elements of Rule 23(c) notice (for class certification) are
combined with the elements of Rule 23(e) notice (for settlement
or dismissal)." In re Global Crossing Secs. & ERISA Litig., 225
F.R.D. 436, 448 (S.D.N.Y. 2004) (Lynch, D.J.); accord Shapiro v.
JP Morgan Chase & Co., 11 Civ 8331 (CM)(MHD), 11 Civ. 7961 (CM),
2014 WL 1224666 at *17 (S.D.N.Y. Mar. 24, 2014) (McMahon, D.J.);
In re Citigroup Inc. Secs. Litig., 965 F. Supp. 2d 369, 380

---

[4](...continued)
of the collective action under Section 216(b) of the FLSA.
However, this step is not necessary.  "Section 216(b) does not by
its terms require [certification], and nothing in the text of the
statute prevents plaintiffs from opting in to the action by
filing consents with the district court, even when the notice
described in Hoffmann-La Roche has not been sent, so long as such
plaintiffs are 'similarly situated' to the named individual
plaintiff who brought the action.  Myers v. Hertz Corp., supra,
624 F.3d at 555 n.10 (internal citation omitted).  So long as the
individuals who eventually opt in are "similarly situated" to the
named plaintiffs, plaintiffs' counsel is free to include
information regarding the FLSA collective action and opt-in
information in its Rule 23(c)(2)(B) notice to the NYLL class.

(S.D.N.Y. 2013) (Stein, D.J.); In re IMAX Secs. Litig., 283

F.R.D. 178, 185 (S.D.N.Y. 2012) (Buchwald, D.J.).

       Pursuant to Rule 23(c)(2)(B), "the court must direct

[that] class members [be provided with] the best notice that is

practicable under the circumstances, including individual notice

to all members who can be identified through reasonable effort."

See also Fed.R.Civ.P. 23(e)(1) ("The court must direct notice in

a reasonable manner to all class members who would be bound by

the proposal.").  The notice must describe:

> (i) the nature of the action; (ii) the definition of
> the class certified; (iii) the class claims, issues, or
> defenses; (iv) that a class member may enter an appear-
> ance through an attorney if the member so desires; (v)
> that the court will exclude from the class any member
> who requests exclusion; (vi) the time and manner for
> requesting exclusion; and (vii) the binding effect of a
> class judgment on members under Rule 23(c)(3).

Fed.R.Civ.P. 23(c)(2)(B).

       I have reviewed the Proposed Notice and conclude that

the process described by counsel for providing notice to the NYLL

class comports with Rule 23(c)(2)(B).

       As to the form and content of the Proposed Notice, I

find that a majority of the Rule 23(c)(2)(B) requirements are

satisfied.  However, plaintiffs are directed to add language

informing recipients that they may enter an appearance through an

attorney and that the Court will exclude any member of the class

who requests exclusion.  I direct that this information be added to the section entitled "WHAT ARE YOUR OPTIONS?" on pages four and five of the Proposed Notice.  I also direct that the class definition in the Proposed Notice be amended to comport with the class definition set forth at page 18 above.

Because the Proposed Notice will be sent to individuals who can opt in to the FLSA collective action, counsel for plaintiffs is also directed to append an opt-in form to the Proposed Notice that contains language defining the FLSA collective and describing when and how an individual may opt in to the collective action.  The Proposed Notice and attached opt-in form shall also state that individuals may opt in to the collective action within 45 days after the mailing date.

Subject to the above-referenced modifications, the Proposed Notice is approved.

IV.  <u>Conclusion</u>

Accordingly, for all the foregoing reasons, plaintiffs' motion (Docket Item 54) is granted.  It is hereby ORDERED that:

1.  The proposed NYLL class is conditionally certified pursuant to Rule 23(a) and (b)(3).  Manuel Lizondro-Garcia, Luis Cruz, Jorge Garcia, Jeraldo Gonzalez, Aleksander Velic, Javier Toledo, Oscar Ramirez, Moises Jimenez and Marco Real

are appointed class representatives and Joseph &
Kirschenbaum LLP is appointed class counsel.

2.   The Settlement Agreement is approved preliminarily.

3.   The Proposed Notice is approved subject to the
above-referenced revisions.  Members of the NYLL class will
have 45 days after the date the revised notices are mailed
to opt out of or object to the settlement.  Individuals
eligible to join the collective action will have 45 days
after the date the revised notices are mailed to submit an
opt-in form.

4.   Within 7 days from the date of this Order, defen-
dants shall provide the claims administrator with a list, in
electronic form, of the names, last known addresses, and
telephone numbers of the FLSA collective and the NYLL class.

5.   Within 14 days from the date of this Order, the
claims administrator shall mail the revised Proposed Notice
to the FLSA collective and the NYLL class using the informa-
tion provided by defendants.

6.   The Court shall hold a fairness hearing on Septem-
ber 12, 2014, at 2:00 p.m. at the United States District
Court for the Southern District of New York, 500 Pearl
Street, Courtroom 18A, New York, New York, 10007.

30

7.   No later than August 29, 2014, counsel for plaintiffs shall move and file a memorandum of law in support of final approval of the Settlement Agreement, an award of attorney's fees and costs, and service payments to the plaintiffs.

Dated:   New York, New York
         May 29, 2014

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Daniel M. Kirschenbaum, Esq.
Charles E. Joseph, Esq.
Yosef Nussbaum, Esq.
Joseph & Kirschenbaum LLP
5th Floor
233 Broadway
New York, New York  10017

Felice B. Ekelman, Esq.
Jason A. Zoldessy, Esq.
Jackson Lewis LLP
29th Floor
666 Third Avenue
New York, New York  10017