UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

MANUEL LIZONDRO-GARCIA, LUIS CRUZ, :
JORGE GARCIA, JERALDO GONZALEZ,
ALEKSANDER VELIC, JAVIER TOLEDO,   :   12 Civ. 1906 (HBP)
OSCAR RAMIREZ, MOISES JIMENEZ,
MARCO REAL, on behalf of          :   OPINION
themselves and others similarly       AND ORDER
situated,                         :

                  Plaintiffs,     :

    -against-                     :

KEFI LLC, doing business as KEFI  :
RESTAURANT and KOSTANTINOS
DAMANIOS,                         :

                  Defendants.     :

----------------------------------X

          PITMAN, United States Magistrate Judge:


I.  Introduction


          Plaintiffs, on behalf of themselves and others simi-

larly situated, commenced this collective and putative class

action pursuant to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL") Sections

191 et seq. to recover unpaid overtime and spread-of-hours

compensation, improperly withheld tips and statutory damages.  By

notice of motion dated November 4, 2014, plaintiffs renew their

motion seeking an award of fees to plaintiffs' counsel (Docket

Item 63).  All parties have consented to my exercising plenary jurisdiction in this matter pursuant to 18 U.S.C. § 636(c).

For the reasons set forth below, plaintiffs' counsel is awarded $105,000 in attorneys' fees.

II.  <u>Facts</u>

A.  <u>Background</u>

The facts underlying this action are set forth in my Opinion and Order, dated October 7, 2014, familiarity with which is assumed.  <u>Lizondro-Garcia v. Kefi LLC</u>, 12 Civ. 1906 (HBP), 2014 WL 4996248 (S.D.N.Y. Oct. 7, 2014).

On October 30, 2013, the parties entered a final settlement agreement which provided that defendants, without conceding the validity of plaintiffs' claims and without admit-ting liability, agreed to establish a common fund of $315,000 (the "Fund") (Declaration of Josef Nussbaum, dated November 4, 2014, (Docket Item 65) ("Nussbaum Decl.") ¶ 10; Settlement Agreement and Release ("Settlement Agreement"), ¶ 4.2, annexed as Exhibit 1 to Declaration of Josef Nussbaum, dated August 29, 2014 (Docket Item 61)).  The parties agreed that the following distri-butions would be made from the Fund before distributions were made to class members:  (1) the nine named plaintiffs would each

receive service awards of $1,000; (2) the claims administrator would receive an estimated $15,239.11 to set up and distribute monies from the Fund and (3) counsel for plaintiffs would receive attorneys' fees and costs, subject to the Court's approval, and not to exceed $105,000 (Settlement Agreement, ¶¶ 1.27, 3.2-3.3).

On May 29, 2014, I preliminarily approved the settlement on behalf of the FLSA collective and NYLL class, conditionally certified the NYLL class, appointed Joseph & Kirschenbaum LLP as class counsel and authorized the mailing of the notice of settlement (with minor modifications) to all class and collective members (Opinion and Order, dated May 29, 2014, (Docket Item 57) at 28-31).  The approved notice was sent to all 235 potential class members (Nussbaum Decl., ¶ 13).  No class members objected to the settlement, and only one class member opted out (Nussbaum Decl., ¶ 14).

On September 12, 2014, I held a fairness hearing, and no class member appeared at the hearing or submitted anything concerning the settlement.  Plaintiffs submitted a motion for final approval of the settlement on August 29, 2014 (Docket Item 59).  On October 7, 2014, I granted the motion, in part, and denied plaintiffs' request for attorneys' fees without prejudice to renewal within the next thirty days, noting that "[a]ny renewed application must contain contemporaneous time records for

3

the attorneys and paralegals who worked on this matter and should contain the paralegals' qualifications." Lizondro-Garcia v. Kefi LLC, supra, 2014 WL 4996248 at *8, *10.  On November 4, 2014, plaintiffs filed this motion, renewing their application for the award of attorneys' fees.

     B.  Fees Sought
        by Plaintiffs

     Plaintiffs' counsel seek attorneys' fees in the amount of $105,000 in connection with their representation of plain-tiffs.[1]  Plaintiffs are represented by attorneys from the law firm Joseph & Kirschenbaum LLP.  They have represented the plaintiffs without compensation under a contingent fee arrange-ment (Nussbaum Decl., ¶ 44).  The notice of settlement advised class members that attorneys' fees in the amount of $105,000 were being sought, and no class member objected (Notice, at 3, annexed as Exhibit 3 to Declaration of Josef Nussbaum, dated August 29, 2014 (Docket Item 61); Nussbaum Decl., ¶ 46).  Plaintiffs' attorneys claim that the hourly rates, total time worked and total paralegal time worked to date are as follows:

_____

[1]Plaintiffs' motion for reimbursement of $607 in costs was previously granted.  Lizondro-Garcia v. Kefi LLC, supra, 2014 WL 4996248 at *9-*10.

4

| Attorney | Rate Sought | No. of Hours | Fee Sought |
|---|---|---|---|
| D. Maimon Kirschenbaum<br>Partner and manager<br>of firm's Food Service<br>Wage and Hour Department;<br>10 years at firm | $500/hour | 18.0 | $9,000.00 |
| Josef Nussbaum<br>4 years at firm | $325/hour | 146.3 | $47,547.50 |
| Denise A. Schulman<br>6 years at firm;<br>specializes in wage and<br>hour and discrimination<br>cases "exclusively" | $325/hour | 2.3 | $747.50 |
| Matthew D. Kadushin<br>Practicing 15 years;<br>5.5 years at the firm | $450/hour | 0.1 | $45.00 |
| Paralegals | $125/hour | 92.7 | $11,587.50 |
| | | Total | $68,927.50 |

(Nussbaum Decl., ¶¶ 22-29, 43).  Class counsel provided the
qualifications of each attorney and most of the paralegals for
whom fees are sought (Nussbaum Decl., ¶¶ 21-32).

III.  Analysis

   A.  Applicable Law

      Under the FLSA, a court "shall, in addition to any
judgment awarded to the plaintiff or plaintiffs, allow a reason-
able attorney's fee to be paid by the defendant, and costs of the
action."  29 U.S.C. § 216(b); see Cesario v. BNI Constr., Inc.,

07 Civ. 8545 (LLS)(GWG), 2008 WL 5210209 at *6 (S.D.N.Y. Dec. 15, 2008) (Gorenstein, M.J.) (Report and Recommendation), adopted at, 2009 WL 424136 (S.D.N.Y. Feb. 19, 2009) (Stanton, D.J.).  The New York Labor Law also provides that a successful plaintiff may recover attorneys' fees and costs.  N.Y. Labor L. §§ 198, 663(1). Even where the plaintiff agrees to a settlement, counsel is still entitled to his or her fees under the FLSA and NYLL.  Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) (Holwell, D.J.).  Whether an attorneys' fee award is reasonable is within the discretion of the court.  Black v. Nunwood, Inc., 13 Civ. 7207 (GHW), 2015 WL 1958917 at *4 (S.D.N.Y. Apr. 30, 2015) (Woods, D.J.) (collecting cases).  In Goldberger v. Integrated Res., Inc., 209 F.3d 43, 52-53 (2d Cir. 2000), the Second Circuit noted that, in common fund cases, "fixing a reasonable fee becomes even more difficult because the adversary system is typically diluted -- indeed, suspended -- during fee proceedings" since the defendants "have little inter-est in how [the Fund] is distributed and thus no incentive to oppose the fee" and "class members -- the intended beneficiaries of the suit -- rarely object."  Thus, in common fund cases, the district court must assess a fee award "based on scrutiny of the unique circumstances of each case, and a jealous regard to the rights of those who are interested in the fund."  Goldberger v.

6

Integrated Res., Inc., supra, 209 F.3d at 53 (internal quotation marks and citation omitted).

"Although [the Second Circuit] ha[s] acknowledged that 'the trend in this Circuit is toward [awarding fees on] the percentage [of the fund] method,' it remains the law in this Circuit that courts 'may award attorneys' fees in common fund cases under either the "lodestar" method or the "percentage of the fund" method.'" McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (collecting cases), quoting Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir. 2005). Under the percentage-of-the-fund method, the attorneys are awarded a reasonable percentage of the common fund. McDaniel v. Cty. of Schenectady, supra, 595 F.3d at 418. Under the lodestar method, the "lodestar" is calculated as "the product of a reasonable hourly rate and the reasonable number of hours required by the case[,] . . . creat[ing] a presumptively reason-able fee." Perez v. AC Roosevelt Food Corp., 744 F.3d 39, 44 (2d Cir. 2013) (quotation marks and citation omitted). While "there is a 'strong presumption' that the lodestar figure is reason-able," it may be adjusted by a multiplier when it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 554 (2010).

7

"[N]either the lodestar nor the percentage-of-fund approach to awarding attorneys' fees in common fund cases is without problems." <u>McDaniel v. Cty. of Schenectady</u>, <u>supra</u>, 595 F.3d at 418-19 (describing the problems with and benefits of both methods).  Ultimately, common fund fee awards must be "made with moderation" and the court must "act as a fiduciary who must serve as a guardian of the rights of absent class members." <u>Goldberger v. Integrated Res., Inc.</u>, <u>supra</u>, 209 F.3d at 52 (internal quotation makrs and citations omitted).  Accordingly, in this Circuit,

> both the lodestar and the percentage of the fund methods are available to district judges in calculating attorneys' fees in common fund cases[,] . . . guided by the traditional criteria in determining a reasonable common fund fee, including:  (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.

<u>Goldberger v. Integrated Res., Inc.</u>, 209 F.3d 43, 50 (2d Cir. 2000) (internal quotation marks and citation omitted, last alteration in original).  Where the percentage-of-the-fund method is used, the Second Circuit, "encourage[s] the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage," <u>Goldberger v. Integrated Res., Inc.</u>, <u>supra</u>, 209 F.3d at 50, and courts in this Circuit have routinely employed the cross-check of the

percentage-of-the-fund method calculations when assessing the
final awards for reasonableness under the six criteria identified
in Goldberger.  See, e.g., Masters v. Wilhelmina Model Agency,
Inc., 473 F.3d 423, 436 (2d Cir. 2007); Sanchez v. JMP Ventures,
L.L.C., 13 Civ. 7264 (GWG), 2015 WL 539506 at *5-*6 (S.D.N.Y.
Feb. 10, 2015) (Gorenstein, M.J.); Fujiwara v. Sushi Yasuda Ltd.,
58 F. Supp. 3d 424, 435 (S.D.N.Y. 2014) (Pauley, D.J.); Henry v.
Little Mint, Inc., 12 Civ. 3996 (CM), 2014 WL 2199427 at *16-*17
(S.D.N.Y. May 23, 2014) (McMahon, D.J.).  When the lodestar is
"'used as a mere cross-check' to a percentage fee calculation,
the 'hours documented by counsel need not be exhaustively scruti-
nized by the district court.'"  Cassese v. Williams, 503 F. App'x
55, 59 (2d Cir. 2012) (summary order), quoting Goldberger v.
Integrated Res., Inc., supra, 209 F.3d at 50.

   B.  Application of the Law

        Plaintiffs' counsel argue that the proposed fee, one-
third of the Fund, is reasonable because it is "consistent with
both the retainer agreements [that] Class Counsel entered into
with Plaintiffs and the norms of class litigation in this Cir-
cuit" (Memorandum in Support of Class Counsel's Motion for
Approval of Attorneys' Fees, dated November 4, 2014, (Docket Item
64) ("Pls.' Mem.") at 3 (citing cases where one-third of the

9

common fund was awarded as fees pursuant to the percentage-of-the-fund method)).

The Honorable William H. Pauley, III, United States District Judge, recently addressed the award of attorneys' fees in FLSA cases, particularly the frequent award of one-third of the common fund as fees:

> [T]here is reason to be wary of much of the caselaw awarding attorney's fees in FLSA cases in this circuit. Struck by extreme similarities in the wording of several decisions, this Court discovered that many of the authorities cited by Plaintiffs' counsel in support of their fee application are in fact proposed orders drafted by the class action plaintiffs' bar and entered with minimal, if any, edits by judges.  Indeed, each of the four decisions . . . cited in [plaintiffs'] brief[] were proposed orders making findings of fact and conclusions of law drafted by plaintiffs' counsel requesting their own fees.
>
> Often, fee applications are unopposed.  Defendants have little concern for what portion of the settlement goes to plaintiffs' counsel.  And unlike a securities class action, where the class likely contains sophisticated investors, most FLSA class members are not in a position to object.
>
> *       *       *
>
> Approval of class action settlements and fee applications is precisely where judicial scrutiny, not judicial deference, is most needed.
>
> Orders drafted by counsel, especially those making findings of fact and conclusions of law that award counsel their own fees, should be given little precedential value.  By submitting proposed orders masquerading as judicial opinions, and then citing to them in fee applications, the class action bar is in fact creating its own caselaw on the fees it is entitled to.

> Because Westlaw and Lexis sweep every order of any
> significance into their databases, these form orders
> appear as if they were decisions by the judges who
> signed them.  No wonder that "caselaw" is so generous
> to plaintiffs' attorneys.

Fujiwara v. Sushi Yasuda Ltd., supra, 58 F. Supp. 3d at 436;

accord Gonzalez v. Scalinatella, Inc., 13 Civ. 3629 (PKC)(MHD),

2015 WL 3757069 at *18-*19 (S.D.N.Y. June 12, 2015) (Dolinger,

M.J.); Flores v. Mamma Lombardi's of Holbrook, Inc., --- F. Supp.

3d ---, ---, No. CV 12-3532 (GRB), 2015 WL 2374515 at *12-*13

(E.D.N.Y. May 18, 2015); Ortiz v. Chop't Creative Salad Co., 13

Civ. 2541 (KNF), 2015 WL 778072 at *19 (S.D.N.Y. Jan. 16, 2015)

(Fox, M.J.).

        Plaintiffs' counsel almost exclusively rely upon cases

similar to those of which Judge Pauley was "wary" in Fujiwara

(Pls.' Mem., at 3).  Because, like Judge Pauley, I am wary of

much of the case law addressing the reasonableness of percentage-

of-the-fund method awards in FLSA cases, I decline to apply the

percentage method and, instead, will analyze the reasonableness

of class counsels' fee application pursuant to the lodestar

method and the Goldberger criteria.


    1.  The Lodestar

        Plaintiffs' counsel claim a lodestar of $68,927.50.

This figure is based on a total of 259.4 hours of work:  18.0

11

hours by D. Maimon Kirschenbaum, Esq., at a rate of $500 per hour ($9,000); 146.3 hours by Josef Nussbaum, Esq., at a rate of $325 per hour ($47,547.50); 2.3 hours by Denise A. Schulman, Esq., at a rate of $325 per hour ($747.50); 0.1 hours by Matthew D. Kadushin, Esq., at a rate of $450 per hour ($45) and 92.7 paralegal hours, including 77.9 hours by Thomas McIver, 13.1 hours by Luis Ortiz, 1.2 hours by Hendel Futerfas, 0.2 hours by "MF" and 0.3 hours by "MB,"[2] at a rate of $125 per hour ($11,587.50) (Nussbaum Decl., ¶¶ 39-43; Joseph Kirschenbaum-Attorney Time ("Att'y Invoice"), annexed as Exhibit A to Nussbaum Decl.; Joseph Kirschenbaum-Paralegal Time ("Paralegal Invoice"), annexed as Exhibit B to Nussbaum Decl.).[3]

Plaintiffs' counsel claim both their rates and the number of hours they expended are reasonable (Pls.' Mem., at 4-6). They also argue that the 1.52 multiplier that they seek "is well within the range of multipliers awarded by this Court" and

---

[2]Counsel does not identify the names or qualifications of paralegals MF or MB.

[3]In support of their renewed application for fees, plaintiffs' counsel have submitted computerized compilations of contemporaneous time records describing how they spent the hours for which fees are sought (Att'y Invoice, passim; Nussbaum Decl. ¶¶ 41, 47-48; Paralegal Invoice, passim). Such submissions satisfy the requirements of New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994).

is reasonable in light of the complexity of the litigation, the contingent nature of the case, counsel's skill and the additional time they will expend implementing, monitoring and enforcing the settlement (Pls.' Mem., at 6).

a. Reasonable
   Hourly Rates

The hourly rates used in making a fee award should be "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 184 (2d Cir. 2007). This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); accord Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006). In determining a reasonable hourly rate, the court should not only consider the rates approved in other cases in the District, but should also consider any evidence offered by the parties. Farbotko v. Clinton Cty., 433 F.3d 204, 208-09 (2d Cir. 2005). The Court is also free to rely on its own familiarity with prevailing rates in the District. A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 82 (2d Cir. 2005); Miele v. New York State Teamsters Conference Pension &

Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).  In determining reasonable hourly rates, a court should first examine the attorneys' experience.  Kahlil v. Original Old Homestead Rest., Inc., supra, 657 F. Supp. 2d at 475, citing Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (Ward, D.J.).

The Nussbaum Declaration describes Joseph & Kirschenbaum LLP as "a law firm dealing almost exclusively with employee rights" that "specializes in wage and hour litigation against food service establishments" (Nussbaum Decl., ¶ 21).  Nussbaum further states that the firm "has been appointed lead or co-lead class counsel (or counsel for representative plaintiffs in FLSA collective actions)" in numerous cases, citing federal and state court actions, and claims that through its efforts, the firm has "recovered over $50 million for thousands of New York food service workers" and "changed the landscape of wage and hour class and collective litigation" (Nussbaum Decl., ¶¶ 34-36).

Nussbaum also expressly describes the experience of the attorneys and a majority of the paralegals for whom fees are sought.  Kirschenbaum, seeking an hourly rate of $500, is a 2005 law graduate and "a member/partner of the firm," "manag[ing] the firm's food service wage and hour department" and largely working on "class action lawsuits against New York City restaurants for

14

wage and hour violations" (Nussbaum Decl., ¶¶ 22-24, 42).
Kadushin, seeking an hourly rate of $450, is a 2000 law graduate
and member of the firm for over five and one-half years, with
nine years previous experience as a public defender in Washing-
ton, D.C. and New York City (Nussbaum Decl., ¶ 29).  Kadushin's
caseload primarily consists of wage and hour class action law-
suits (Nussbaum Decl., ¶ 29).  Nussbaum, seeking an hourly rate
of $325, is a 2009 law graduate, member of the firm for four
years and the "primary attorney managing this case" (Nussbaum
Decl., ¶¶ 26, 42).  The majority of Nussbaum's caseload consists
of wage and hour class action lawsuits, and he has served as "co-
lead counsel" with Kirschenbaum on many collective and class
action lawsuits (Nussbaum Decl., ¶ 27).  Schulman, also seeking
an hourly rate of $325, is a 2008 law graduate, a member of the
firm for five and one-half years and "practice[s] exclusively on
employment wage and hour and discrimination cases" (Nussbaum
Decl., ¶¶ 28, 42).

          Plaintiffs' counsel also seek an hourly rate of $125
for each paralegal.  McIver, the "primary paralegal handling this
case," has a bachelor's degree in political science, has worked
at the firm for three years and is currently a first year law
student at Yale Law School (Nussbaum Decl., ¶ 30).  Ortiz has a
bachelor's degree in Latin American history, previously worked

for the New York Human Rights Commission and joined the firm two years ago (Nussbaum Decl., ¶ 31).  Futerfas has an associate's degree and worked for the firm from August 2010 through August 2011 (Nussbaum Decl., ¶ 32).  Plaintiffs' counsel does not identify paralegals MF or MB or state their qualifications (see Paralegal Invoice, at 5).

     In support of their fee application, plaintiffs' counsel cite to an unpublished decision in which Kirschenbaum was awarded an hourly rate of $500 and Schulman was awarded an hourly rate of $325 (Pls.' Mem., at 5-6, citing Gallegos v. New Oceana Rest. Corp., 11 Civ. 8802 (S.D.N.Y. June 28, 2013) (Koeltl, D.J.) (Docket Item 60)); however, in Gallegos, plaintiffs' counsel's fees appear to be awarded pursuant to a proposed order and there is no substantive analysis of the reasonableness of the hourly rates in the Order.  Citing Guallpa v. N.Y. Pro Signs Inc., 11 Civ. 3133 (LGS)(FM), 2014 WL 2200393 (S.D.N.Y. May 27, 2014) (Mass, M.J.), adopted at, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014) (Schofield, D.J.), plaintiffs' counsel also argue that fourth year associates, like Nussbaum, have been awarded rates as high as $375 in this District (see Pls.' Mem., at 5); however, no attorneys were actually awarded a rate of $375 in Guallpa, and it is unclear whether any of the attorneys in Guallpa were fourth

16

year associates.[4]  Finally, relying on <u>Viafara v. MCIZ Corp.</u>, 12
Civ. 7452 (RLE), 2014 WL 1777438 at *14 (S.D.N.Y. May 1, 2014)
(Ellis, M.J.), plaintiffs' counsel seek an hourly rate of $125
for each paralegal (Nussbaum Decl. ¶ 43).

     "Courts in this District have determined in recent
cases that a fee ranging from $250 to $450 is appropriate for
experienced litigators in wage-and-hour cases." <u>Yuquilema v.
Manhattan's Hero Corp.</u>, 13 Civ. 461 (WHP)(JLC), 2014 WL 4207106
at *14 (S.D.N.Y. Aug. 26, 2014) (Cott, M.J.) (Report and Recom-
mendation) (collecting cases), <u>adopted</u> <u>at</u>, 2014 WL 5039428
(S.D.N.Y. Sept. 30, 2014) (Pauley, D.J.); <u>accord</u> <u>Watkins v.
Smith</u>, 12 Civ. 4635 (DLC), 2015 WL 476867 at *3 (S.D.N.Y. Feb. 5,
2015) (Cote, D.J.) (same); <u>Fujiwara v. Sushi Yasuda Ltd.</u>, <u>supra</u>,
58 F. Supp. 3d at 437 (same); <u>Easterly v. Tri-Star Transport
Corp.</u>, 11 Civ. 6365, 2015 WL 337565 at *10 (S.D.N.Y. Jan. 23,
2015) (Briccetti, D.J.) (adopting Report and Recommendation of
Davison, M.J.) (same).  <u>See</u>, <u>e.g.</u>, <u>Gonzalez v. Scanlinatella,
Inc.</u>, <u>supra</u>, 2015 WL 3757069 at *20-*22 (awarding hourly rate of
$450 to partner with significant experience in FLSA actions, $350
to senior associate practicing ten years and $200 to a third year

---

    [4]In <u>Guallpa</u>, an attorney who had graduated from law school
seven years earlier and was serving as the firm's executive
director sought an hourly rate of $375 that was reduced to $325.
<u>Guallpa v. N.Y. Pro Signs Inc.</u>, <u>supra</u>, 2014 WL 2200393 at *7.

associate); <u>Farmer v. Hyde Your Eyes Optical, Inc.</u>, 13 Civ. 6653
(GBD)(JLC), 2015 WL 2250592 at *14 (S.D.N.Y. May 13, 2015) (Cott,
M.J.) (awarding an hourly rate of $360 to a partner practicing
for sixteen years); <u>Black v. Nunwood, Inc.</u>, <u>supra</u>, 2015 WL
1958917 at *5-*6 (approving hourly rate of $350 for "experienced
partners" with nine to ten years of experience in labor law, $285
for senior associate practicing eight years and $200 for associ-
ate practicing three years); <u>Patino v. Brady Parking, Inc.</u>, 11
Civ. 3080 (AT)(DF), 2015 WL 2069743 at *3 (S.D.N.Y. Apr. 30,
2015) (Freeman, M.J.) (awarding hourly rate of $400 to founding
partner practicing thirteen years in area of labor and employ-
ment, $325 to senior attorney and $250 to associates practicing
between five and nine years of labor law); <u>Rosendo v. Everbright-
en Inc.</u>, 13 Civ. 7256 (JGK)(FM), 2015 WL 1600057 at *8-*9
(S.D.N.Y. Apr. 7, 2015) (Maas, M.J.) (Report and Recommendation)
(reducing hourly rate to $400 for managing attorney practicing
since 1983, $300 for senior associate practicing approximately
ten years and $225 for associate who graduated from law school in
2012).

Although courts in this district have awarded hourly
rates of $550 and $600 to experienced senior litigators, FLSA
litigators are rarely awarded over $450 per hour.  <u>See</u> <u>Gonzalez
v. Scalinatella, Inc.</u>, <u>supra</u>, 2015 WL 3757069 at *20-*21, <u>citing</u>

Kim v. Kum Gang, Inc., 12 Civ. 6344 (MHD), 2015 WL 3536593 at *2
n.16 (S.D.N.Y. June 5, 2015) (Dolinger, M.J.) and Torres v.
Gristede's Operating Corp., 04 Civ. 3316 (PAC), 2012 WL 3878144
at *3-*4 (S.D.N.Y. Aug. 6, 2012) (Crotty, D.J.), aff'd, 519 F.
App'x 1, 3-4 (2d Cir. 2013) (summary order).  Moreover, in two
published decisions concerning FLSA actions, the hourly rates
awarded to Joseph & Kirschenbaum LLP attorneys ranged from $200
to $375.  See Wei Yan Yan v. 520 Asian Rest. Corp., 13 Civ. 2417
(KNF), 2015 WL 1026611 at *7-*8 (S.D.N.Y. Mar. 9, 2015) (Fox,
M.J.) (awarding hourly rates of $375 to Kirschenbaum and $350 to
a senior associate); Lanzetta v. Florio's Enters., Inc., 08 Civ.
6181 (DC), 2011 WL 3209521 at *7 (S.D.N.Y. July 27, 2011) (Chin,
Cir. J., sitting by designation) (awarding hourly rates of $350
to Kirschenbaum, $300 to Kadushin and $200 to Schulman).

          In recent FLSA actions, hourly rates between $100 and
$125 for paralegal work have been found to be reasonable.  See,
e.g., Gonzalez v. Scalinatella, Inc., supra, 2015 WL 3757069 at
*22 (awarding paralegals hourly rates of $100 to $105); Guallpa
v. N.Y. Pro Signs Inc., supra, 2014 WL 2200393 at *10 (reducing
paralegal hourly rate to $125); Viafara v. MCIZ Corp., supra,
2014 WL 1777438 at *14 (awarding an hourly rate of $125 to
paralegal); Lanzetta v. Florio's Enters., Inc., supra, 2011 WL
3209521 at *7 (awarding Joseph & Kirschenbaum LLP paralegal a

$100 hourly rate); <u>Allende v. Unitech Design, Inc.</u>, 783 F. Supp. 2d 509, 514-15 (S.D.N.Y. 2011) (Peck, M.J.) (awarding hourly rate of $100 to paralegal).

In light of these awards, the hourly rates plaintiffs' counsel seek are unreasonably high.  Based on their experience, skills and level of contribution to the work, each attorney will be compensated as follows:  Kirschenbaum at the rate of $450 per hour, Kadushin at the rate of $400 per hour and Schulman and Nussbaum at the rate of $300 per hour.  Because I previously directed plaintiffs' counsel to submit the qualifications for each paralegal and they failed to identify MF and MB and their qualifications, plaintiffs' counsel shall not be compensated for their work.  <u>See</u> <u>Wei Yan Yan v. 520 Asian Rest. Corp.</u>, <u>supra</u>, 2015 WL 1026611 at *7 (denying Joseph & Kirschenbaum LLP attorneys' application for fees for paralegal work because they failed to identify the individual paralegals).  The remaining paralegals will be compensated at a rate of $125 per hour.

   b. Reasonable
     <u>Number of Hours</u>

The party seeking attorneys' fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable.  <u>Cruz v. Local Union No. 3 of Int'l Bhd.</u>

of Elec. Workers, supra, 34 F.3d at 1160, citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Patrolmen's Benevolent Ass'n of City of N.Y. v. City of N.Y., 97 Civ. 7895 (SAS), 98 Civ. 8202 (SAS), 2003 WL 21782675 at *2 (S.D.N.Y. July 31, 2003) (Scheindlin, D.J.).  Courts "should exclude . . . hours that were not reasonably expended," such as where there is overstaffing or the hours are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, supra, 461 U.S. at 434 (internal quotation marks omitted).

In general, plaintiffs' counsel's time records reflect that one senior attorney (Kirschenbaum or Kadushin), one junior attorney (Nussbaum or Schulman) and one paralegal were working on the action at a time, with minimal overlap -- a reasonable staffing decision (Att'y Invoice, passim).  Of the 166.7 attorney hours for which plaintiffs' counsel seek fees, 146.3 hours were performed by fourth year associate Nussbaum.  Although almost half of Nussbaum's time, at least 70 hours, was spent reviewing payroll records and other documents and calculating damages, this does not appear to be excessive in light of the number of employees involved and the central role those calculations played in reaching a settlement (Att'y Invoice, at 1-8).

While both Kirschenbaum and Nussbaum have billed for some identical tasks, these entries, totaling almost 8 hours over

2 years, largely consist of short consultations between the two attorneys and do not appear to be unreasonably duplicative.[5]  See Lee v. Santiago, 12 Civ. 2558 (PAE)(DF), 2013 WL 4830951 at *10 (S.D.N.Y. Sept. 10, 2013) (Engelmayer, D.J.) (concluding that time spent by junior attorney consulting with senior attorney was not unreasonable in light of efficiency of delegating to a junior attorney).  In addition, plaintiffs' counsel's block-billed entries are reasonable because they are not vague and generally combine related tasks (see, e.g., Att'y Invoice, at JN 08/10/2012 entry ("emails from def w/ supplemental discovery; reviewed documents produced by def"), JN 10/15/2012 entry ("payroll doc review; prep email to def re continued outstanding doc produc-tion")).  Block-billing is "not prohibited in this Circuit as long as the Court can determine the reasonableness of the work performed."  Zimmerman v. Portfolio Recovery Assocs., LLC, 09 Civ. 4602 (PGG), 2013 WL 6508813 at *11 (S.D.N.Y. Dec. 12, 2013) (Gardephe, D.J.) (internal quotation marks and citation omitted); accord Abdell v. City of New York, 05 Civ. 8453 (RJS), 2015 WL

--------

[5]Att'y Invoice, at DMK (Kirschenbaum) and JN (Nussbaum) entries on 07/16/2012, 07/30/2012, 07/31/2012, 09/04/2012, 09/27/2012, 11/06/2012, 12/20/2012, 01/28/2013, 05/07/2013, 05/22/2013, 05/30/2013, 06/06/2013, 06/12/2013, 06/27/2013, 07/17/2013, 07/18/2013, 08/07/2013, 08/08/2013, 08/26/2013, 09/30/2013, 10/01/2013, 12/16/2013, 04/24/2014, 05/29/2014 and 06/09/2014.

898974 at *4 (S.D.N.Y. Mar. 2, 2015) (Sullivan, D.J.) (determin-
ing that block-billed entries were not unreasonable because they
were "temporally short entries combining related tasks" and there
was "little difficulty understanding" them).  The number of hours
sought by Kadushin, Nussbaum and Schulman are not excessive,
redundant or vague and, thus, are reasonable.

However, with regard to Kirschenbaum, some of the time
for which he seeks fees is unexplained (Att'y Invoice, at DMK
entries on 04/19/2012, 04/20/2012, 04/18/2013 and 06/19/2013
(totaling 0.5 hours)).  Because plaintiffs' counsel fail to offer
any explanation for this time, I am unable to assess its reason-
ableness.  Accordingly, the number of hours for which Kirschen-
baum seeks fees is reduced by 0.5 hours.

Finally, with regard to the 92.7 paralegal hours for
which plaintiffs' counsel seek compensation, "paralegal work . .
. is not compensable if it is purely clerical." Khalil v. Old
Homestead Rest., Inc., supra, 657 F. Supp. 2d at 478.  "Noncomp-
ensable clerical work includes downloading documents . . . and
filing[,]" as well as "organiz[ing] files, organiz[ing], copy-
[ing] and record[ing] the discovery production, and sending
correspondence." Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL
1401887 at *3 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (internal
quotations omitted and first brackets not in original).  At least

23

10.7 hours of the 77.9 hours sought for McIver[6] and 1.1 hours of the 13.1 hours sought for Ortiz[7] constitute clerical work, including scanning, copying, organizing, filing and shredding documents.  In addition, all 1.2 hours sought for Futerfas are for copying, scanning and organizing, i.e., clerical tasks (Paralegal Invoice, at 5).  Thus, the 13 hours of clerical work for which compensation is sought is unreasonable and shall be excluded along with the 0.2 hours sought by MF and 0.3 hours sought by MB, as discussed previously.  McIver and Ortiz's remaining time was spent mainly communicating with clients and assisting in calculating damages; they are not excessive, redundant or vague and, therefore, are reasonable.  Thus, the number of paralegal hours is reduced to 79.2.

    c.  <u>Summary</u>

Applying the foregoing reductions and rates yields the following lodestar:

---

[6]Paralegal Invoice, at TM (McIver) entries on 03/09/2012, 03/12/2012, 03/14/2012, 03/15/2012 (3 entries), 03/28/2012, 04/02/2012 (2 entries), 04/03/2012, 04/26/2012, 05/02/2012, 05/09/2012, 05/10/2012, 05/14/2012 (2 entries), 05/23/2012, 05/31/2012, 07/19/2012, 07/26/2012, 09/06/2012, 01/08/2013, 01/29/2013, 05/23/2013, 06/03/2013, 07/11/2013 and 07/22/2013.

[7]Paralegal Invoice, at LO (Ortiz) 10/09/2013 entry.

24

| Attorney | Adjusted Hourly Rate | Reduced No. of Hours | Fees |
|----------|------|-------|------|
| D. Maimon Kirschenbaum | $450/hour | 17.5 | $7,875.00 |
| Josef Nussbaum | $300/hour | 146.3 | $43,890.00 |
| Denise A. Schulman | $300/hour | 2.3 | $690.00 |
| Matthew D. Kadushin | $400/hour | 0.1 | $40.00 |
| Paralegals | $125/hour | 79.2 | $9,900.00 |
| | Total | 245.4 | $62,395.00 |

2. Application of
   a Multiplier

Under the lodestar method, in common fund cases, the
Goldberger criteria[8] "indicate whether a multiplier should be
applied to the lodestar." McDaniel v. Cty. of Schenectady,
supra, 595 F.3d at 423.  A $105,000 fee award would represent a
1.68 multiplier of the lodestar.  Plaintiffs' counsel contend
that "[i]n the Second Circuit, '[c]ourts regularly award lodestar
multipliers of up to eight times the lodestar, and in some cases,
even higher multipliers'" (Pls.' Mem., at 6, quoting Beckman v.

---

[8]The Goldberger criteria are similar to those in Arbor Hill
Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, supra,
522 F.3d at 184 and are applied in common fund cases.  See
McDaniel v. Cty. of Schenectady, supra, 595 F.3d at 419-23
(discussing the applicability of the criteria in Arbor Hill and
Goldberger to statutory fee-shifting and common fund cases,
respectively).

KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. 2013) (Ellis,
M.J.)).  However, in Fujiwara, Judge Pauley determined that
"[t]his exact sentence . . . has made its way into many court
'decisions' in this circuit via proposed orders drafted by
plaintiffs' attorneys."  Fujiwara v. Sushi Yasuda Ltd., supra, 58
F. Supp. 3d at 437-38 (collecting cases).  Noting that "[t]here
is little consensus in this district on the appropriate range for
lodestar multipliers," Judge Pauley concluded that "a multiplier
near 2 should, in most cases, be sufficient compensation for the
risk associated with contingent fees in FLSA cases."  Fujiwara v.
Sushi Yasuda Ltd., supra, 58 F. Supp. 3d at 438-39.  In light of
the Goldberger criteria, discussed below, I conclude that an
award of $105,000 or one-third of the fund -- a 1.68 multiplier
of the lodestar calculation and a 1.52 multiplier of plaintiffs'
counsel's stated hourly rates -- is a reasonable attorneys' fee.

       a.  Counsel's
          Time and Labor

    Plaintiffs' counsel reasonably expended nearly 250
hours over 2 years to secure the $315,000 settlement.  During
this time, plaintiffs' counsel "conducted an extensive investiga-
tion," regularly contacted plaintiffs and "kept [them] informed
of and involved in the action" and "reviewed and analyzed thou-

sands of pages of documents produced by Defendants" (Pls.' Mem., at 4-5).  In addition, from the outset of this litigation, plaintiffs' counsel engaged in sample discovery and settlement discussions, appeared before me for a May 30, 2013 settlement conference, drafted and negotiated settlement documents and, ultimately, reached an agreement (Nussbaum Decl., ¶¶ 6-10). Moreover, plaintiffs' counsel anticipates spending significant time and effort "administering the Settlement" (Nussbaum Decl., ¶ 40).

As previously described, plaintiffs' counsel efficiently and effectively represented plaintiffs and spent significant time and effort in securing the settlement, warranting an increase in the lodestar figure.

> b.  The Litigation's
>     Magnitude and Complexity

"The size and difficulty of the issues in a case are significant factors to be considered in making a fee award." Sukhnandan v. Royal Health Care of Long Island LLC, 12 Civ. 4216 (RLE), 2014 WL 3778173 at *10 (S.D.N.Y. July 31, 2014) (Ellis, M.J.).

> Among FLSA cases, the most complex type is the "hybrid" action brought here, where state wage and hour violations are brought as an "opt out" class action pursuant to Rule 23 in the same action as the FLSA "opt in"

27

> collective action pursuant to 29 U.S.C. § 216(b).
> Justice is served and consistency and efficiency are
> achieved by having the litigation in one forum because
> the same set of operative facts are being applied and
> analyzed under both statutory frameworks.

Siler v. Landry's Seafood House-North Carolina, Inc., 13 Civ. 587
(RLE), 2014 WL 2945796 at *9 (S.D.N.Y. June 30, 2014) (Ellis,
M.J.); see also Henry v. Little Mint, Inc., supra, 2014 WL
2199427 at *13.

Plaintiffs' counsel contend that "undertaking represen-
tation of large numbers of affected employees in wage and hour
actions inevitably [requires] . . . a tremendous investment of
time, energy, and resources" (Nussbaum Decl., ¶ 44).  The settle-
ment resolves the claims of more than 200 individual employees
(Nussbaum Decl., ¶¶ 13-14), adding to the magnitude and complex-
ity of the case.  See Asare v. Change Grp. New York, Inc., 12
Civ. 3371 (CM), 2013 WL 6144764 at *20 (S.D.N.Y. Nov. 18, 2013)
(McMahon, D.J.) (noting that settlement resolved claims of over
100 individuals in awarding fees).  Thus, this Goldberger
criterium weighs in favor of the 1.68 multiplier.

c.  The Risk
of Litigation

"Uncertainty that an ultimate recovery will be obtained
is highly relevant in determining the reasonableness of an

28

award." <u>Febus v. Guardian First Funding Grp., LLC</u>, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) (quotation marks and citation omitted); <u>accord</u> <u>Henry v. Little Mint, Inc.</u>, <u>supra</u>, 2014 WL 2199427 at *14.  "Risk falls along a spectrum, and should be accounted for accordingly." <u>Goldberger v. Integrated Res., Inc.</u>, <u>supra</u>, 209 F.3d at 54.  Plaintiffs' counsel faced some risk because they represented plaintiffs on a contingent basis and have received no fee payments for their work since the commencement of this action over three years ago (Nussbaum Decl., ¶¶ 44-45; Pls.' Mem., at 7).  Accordingly, the third <u>Goldberger</u> criterium also supports a reasonable multiplier.

                d.  The Quality
                   <u>of Representation</u>

"To determine the 'quality of the representation,' courts review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." <u>Taft v. Ackermans</u>, 02 Civ. 7951 (PKL), 2007 WL 414493 at *10 (S.D.N.Y. Jan. 31, 2007) (Leisure, D.J.).  As detailed more fully above, class counsel has extensive experience representing employees in wage and hour class and collective actions, particularly in the

food service industry,[9] and this experience ultimately aided in reaching a settlement (Nussbaum Decl., ¶¶ 33-37; Pls.' Mem., at 7-8).  See Whitehorn v. Wolfgang's Steakhouse, Inc., 275 F.R.D. 193, 200 (S.D.N.Y. 2011) (Sand, D.J.) ("There is no dispute that Plaintiffs' counsel are qualified and experienced in class action law and wage and employment litigation in New York.").

Plaintiffs' counsel also argue that the quality of defendants' counsel, attorneys at Jackson Lewis P.C., and the positive settlement demonstrates their own quality as litigators (Pls.' Mem., at 8, quoting Tiro v. Pub. House Invs., LLC, 11 Civ. 7679(CM), 11 Civ. 8249 (CM), 2013 WL 4830949 at *14 (S.D.N.Y. Sept. 10, 2013) (McMahon, D.J.) ("'[T]he quality of opposing counsel is also important in evaluating the quality of [Class Counsel's] work.'" (alterations in original) (quoting In re Glob. Crossing Sec. & ERISA Litig., 225 F.R.D. 436, 467 (S.D.N.Y. 2004) (Lynch, then D.J., now Cir. J.)))).  I conclude that the fourth criterium also weighs in favor of the 1.68 multiplier.

---

[9]See, e.g., Capsolas v. Pasta Res. Inc., 10 Civ. 5595 (RLE), 2012 WL 4760910 at *3 (S.D.N.Y. Oct. 5, 2012) (Ellis, M.J.) (noting experience of plaintiffs' counsel); Silva v. Little Fish, Corp., 10 Civ. 7801 (PGG), 2012 WL 2458214 at *2 (S.D.N.Y. May 1, 2012) (Gardephe, D.J.) (same); Ramirez v. Lovin' Oven Catering Suffolk, Inc., 11 Civ. 0520 (JLC), 2012 WL 651640 at *3 (S.D.N.Y. Feb. 24, 2012) (Cott, M.J.) (same); In re Milos Litig., 08 Civ. 6666 (LBS)(KNF), 2011 WL 6015705 at *2 (S.D.N.Y. Sept. 8, 2011) (Sand, D.J.) (same).

e.   Relationship of
the Fees to the Settlement

Under Goldberger, "[c]ourts consider the size of a
settlement to ensure that the [fees] awarded do[] not constitute
a windfall." Sukhnandan v. Royal Health Care of Long Island LLC,
supra, 2014 WL 3778173 at *13.  Plaintiffs' counsel estimate
plaintiffs' "hard damages" to be $280,000 (Nussbaum Decl., ¶ 10).
After attorneys' fees, costs, service awards and claims adminis-
trator fees are distributed from the Fund, plaintiffs still will
recover a significant amount of their actual damages.  Moreover,
the amount of fees sought by plaintiffs' counsel is not a wind-
fall in light of the nearly 250 hours they reasonably expended
seeking the settlement.  Thus, this criterium also weighs in
favor of the fee award.

f.   Public Policy
Considerations

Finally, "[w]hen determining whether a fee award is
reasonable, courts consider the social and economic value of the
class action, 'and the need to encourage experienced and able
counsel to undertake such litigation.'" Siler v. Landry's
Seafood House-North Carolina, Inc., supra, 2014 WL 2945796 at
*11, quoting In re Sumitomo Copper Litig., 74 F. Supp. 2d 393,

399 (S.D.N.Y. 1999) (Pollack, D.J.).  "Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA and [NYLL]."  Henry v. Little Mint, Inc., supra, 2014 WL 2199427 at *15 (internal quotation marks and citation omitted).  "Particularly where, as here, the Settlement Fund is relatively small, an award of attorneys' fees ensures that 'plaintiffs' claims [will] likely . . . be heard.'"  Asare v. Change Grp. New York, Inc., supra, 2013 WL 6144764 at *22 (alteration in original), quoting Frank v. Eastman Kodak Co., 228 F.R.D. 174, 189 (W.D.N.Y. 2005)  However, these public policies must be balanced against the need to award fees "with an eye to moderation," particularly when the fee application is unopposed and there is little incentive for plaintiffs to object when the impact on their individual potential recovery of any increase or decrease in the fee award is incremental.  Goldberger v. Integrated Res., Inc., supra, 209 F.3d at 52-53 (internal quotation marks and citation omitted).

Thus, balancing those interests, the 1.68 multiplier is reasonable in light of the successful settlement, the need to encourage similarly experienced attorneys to take on the risk of litigation to safeguard the rights of employees and the fact that plaintiffs were unlikely to pursue their claims individually

because the burden of litigation would most likely outweigh any potential recovery.

IV.   Conclusion

Accordingly, for all the foregoing reasons, I award plaintiffs' counsel $105,000 in attorneys' fees to be paid from the Fund.   The remainder of the Fund shall be distributed pursuant to my October 7, 2014 Order (Docket Item 62).   See Lizondro-Garcia v. Kefi LLC, supra, 2014 WL 4996248 at *10.

Dated:   New York, New York
         July 1, 2015

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Daniel M. Kirschenbaum, Esq.
Charles E. Joseph, Esq.
Yosef Nussbaum, Esq.
Joseph & Kirschenbaum LLP
5th Floor
233 Broadway
New York, New York 10279

Felice B. Ekelman, Esq.
Jason A. Zoldessy, Esq.
Jackson Lewis LLP
29th Floor
666 Third Avenue
New York, New York 10017

33